## McCord v. Ball.

(Decided June 17, 1927.)

### Appeal from Bell Circuit Court.

1. Injunction.—Complaint alleging that plaintiff was owner in fee and in constructive possession of two unimproved lots inclosed by defendant with his own property, and used for agricultural purposes, and praying mandatory injunction compelling defendant to remove fence surrounding plaintiff's lots, held to show no right to equitable relief.

2. Trial.—Petition alleging that plaintiff was owner in fee of two lots inclosed by defendant with his own and used for agricultural purposes, and praying mandatory injunction, compelling defendant to remove fence, though insufficient to show right to equitable relief, held to state good cause of action in ejectment such that court, under Civil Code of Practice, sections 8, 9, and section 10, subds. 1, 2, and 3, should not have sustained general demurrer, but should have transferred cause to proper docket on its own motion.

3. Pleading.—If petition fails to show plaintiff entitled to specific relief prayed for, but does show a right to other relief, general demurrer should not be sustained, but cause should be transferred under Civil Code of Practice, section 10, subd. 3.

JAMES H. JEFFRIES for appellant.

ISHAM G. LEABOW for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant, as plaintiff, filed his equitable action, alleging that he was the owner in fee simple, and in constructive possession of lots numbered 34 and 35 in block No. 215 in the northeast section of Middlesboro, shown on a recorded map and plat of the city on file in the county court clerk's office. He alleges that the defendant Ball is, and has been for several years last past, the

owner of all, or practically all, of the remaining lots, excepting lots 34 and 35 in that northeast section of Middlesboro, and that the lots so owned by defendant immediately adjoin and almost entirely surround the two lots so owned by the plaintiff.

He then alleges that a few years ago the defendant "decided to fence up his lots in said block No. 215 in one connected boundary to use same for agricultural purposes (they being unimproved lots), and, the plaintiff's two lots being also unimproved lots, the said C. D. Ball, without the knowledge, consent, and against the will of this plaitniff, and in order to shorten his said fence and save expense to himself, included in his said fenced boundary the said two lots so owned by the plaintiff as described in this petition, and has kept same under fence, and used the same for agricultural purposes along with the other lots owned by the defendant."

He then alleges that, before the institution of this suit, he had requested defendant to tear down and remove the fence which he had so built surrounding and inclosing plaintiff's two lots, and restore the possession of same to plaintiff, but that defendant had wrongfully failed and refused so to do.

His prayer is for a mandatory injunction "enjoining and compelling the defendant to tear down and remove his said fence surrounding the plaintiff's said two lots described in this petition and restore the possession of said lots to this plaintiff, and plaintiff prays for all proper equitable relief."

The defendant filed a general demurrer to the petition "because the same does not state facts sufficient to authorize any equitable relief or cause of action."

The demurrer was sustained, and, plaintiff declining to plead further, his petition was dismissed, and this appeal results.

The action is not one to quiet title under section 11 of the statute, because it does not allege the plaintiff is in the actual possession, and is not therefore cognizable in equity for that reason. Nor is there allegation that plaintiff has been deprived of ingress or egress to such property because of the erection of the fence, nor even that the fence so erected by defendant entirely inclosed the two lots of plaintiff, and prevented such ingress and egress. There is no allegation that the lots are so situated with reference to the other inclosed lots belonging to defend-

ant, as that plaintiff did not. have ingress and egress to them without going over the plaintiff's lands, and without some such allegation there was no equitable reason shown by the pleading why the fence should be removed. There is nothing to show the fence so erected was not upon the line between the parties, and, if it was erected on the line, and plaintiff was not, because of its erection, denied ingress and egress to his property, he has presented no equitable reason to require the defendant to remove the same.

Our conclusion from these things is that the plaintiff was in error as to the form of action adopted by him; but that is no reason that a general demurrer should have been sustained to his petition, if in fact it states a cause of action.

It alleges that he is the owner of the two lots, and it then alleges that defendant has inclosed those two lots in an inclosure with his own property, and is using the same for agricultural purposes, together with such property of his own. This is equivalent to saying that defendant is in possession of his two lots, and using them for purposes of his own, and that allegation, taken in connection with the plaintiff's prayer that the possession of his property be restored to him, constitutes a good pleading in ejectment, and for that reason the general demurrer should not have been sustained.

Section 8 of the Civil Code provides:

"An error of the plaintiff as to the form of action shall be cause, not for the abatement or dismissal of it, but merely for a change into the proper proceedings by an amendment of the pleadings and a transfer of the action to the proper docket."

Section 9 provides that the plaintiff may correct an error in the form of his action before the defendant answers, or afterward by leave of court. Subsections 1 and 2 of section 10 authorize the defendant to enter a motion when he files his answer to have such an action transferred to the proper docket, and subsection 3 provides:

"The court may, without motion, order the transfer of an action from one docket to another if either party be entitled to such transfer; or may try the action, or render judgment therein by default, unless a party entitled to a transfer move therefor."

In this case, although neither of the parties asked to have a transfer, the court, under the provisions of section 8, erroneously sustained the general demurrer, and dismissed the action. If the form of action be erroneous, and a general demurrer filed, and a good cause of action is stated notwithstanding the error in its form, then the duty of the court is, not to sustain the demurrer and dismiss the action, but, under the provisions of subsection 3 of section 10, to transfer it to the proper docket, although no motion has been made by either party so to do.

Even though a petition fails to show that the plaintiff is entitled to the specific relief for which he prays, if it shows a right to any relief, a general demurrer should not be sustained (Foster v. Watson, 16 B. Mon. 377), and the court should exercise its right under subsection 3 of section 10 to transfer the cause to the proper docket without motion.

Because of the error in sustaining the general demurrer, the judgment is reversed, with directions to overrule the same, and for such further proceedings as are herein indicated.